Russell A. Robinson, SBN 163937
Law Office of Russell A. Robinson
345 Grove Street, 1st Floor
San Francisco, CA 94102
TEL:   415.861.4416
FAX:   415.431.4526
rlaw345@gmail.com

Counsel for Plaintiff
**RICHARD TOM**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TOM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LORAINE WONG, MARK NG, JAMES McGEE, CITY OF REDWOOD CITY, and DOES 1-40,<br><br>　　　　Defendants.<br>_____/ | Case No.<br><br>**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |

**I.    JURISDICTION AND VENUE**

1.    This action arises under 42 USC §1983.

2.    The claims alleged arose in and around the County of San Mateo, City of Redwood City, State of California.  Therefore, venue is proper in the Northern District of California, San Francisco.

**II.    PARTIES**

3.    Plaintiff RICHARD TOM is an adult male who, at the time of the February 19, 2007, collision referenced below, was a resident of San Mateo County.  Plaintiff is a citizen of the United States of America.

4.    Defendants LORAINE WONG and MARK NG, who on information and belief are husband and wife, reside in the State of California.  Both Wong and Ng, on information and

1  belief, were and are residents of San Mateo County.

2      5.    Plaintiff is informed and believes that Defendant JAMES McGEE was at relevant times an employee of the City of Redwood City; he was a peace officer as defined by California law.  On information and belief, the CITY OF REDWOOD CITY is, has been, a municipal corporation organized and existing under the laws of the State of California.  One of said Defendant's departments or divisions is the REDWOOD CITY POLICE DEPARTMENT (RWPD).  The RWPD, on information and belief is not a separate entity; thus, together, they are referred to below as "RWC" unless otherwise noted.

    6.    Plaintiff is informed and believes that at all relevant times SAN MATEO COUNTY OFFICE OF THE DISTRICT ATTORNEY, is a subdivision or branch of SAN MATEO COUNTY. Together, unless otherwise noted, these two entities are referred to as "San Mateo County."

    7.    On information and belief, San Mateo County's Office of the District Attorney is the largest legal office in San Mateo County, presently led by District Attorney Stephen M. Wagstaffe was previously led by James Fox through 2010.  The office employs 129 (attorneys, investigators, administrators, support staff, and others).  The office claims to prosecute primarily felony and misdemeanor crimes committed in San Mateo County.  On information and belief, San Mateo County, through its employees, conspired with Wong, Ng, McGee, and others to violate Richard Tom's civil rights.  While unindicted as a co-conspirator, San Mateo County and its employees were acting under color of state law at all times and thus Wong, Ng, McGee (who was a public employee at relevant times), and others may be joined in this action pursuant to *Dennis v. Sparks* and its progeny.

    8.    Plaintiff is ignorant of the identities of Defendants DOES 1 though 40, and therefore sues such defendants as fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint are presently unknown.

    9.    Plaintiff will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each DOE Defendant is legally responsible for events alleged

*Tom v. Wong, et al.*  
COMPLAINT FOR DAMAGES AND  
FOR INJUNCTIVE RELIEF    - 2 -  
P001COM

1 herein which caused injury and damage to Plaintiff.

2     10. In doing acts or omissions alleged, the defendants and each of them were acting
3 in the course and scope of their employment with their respective agencies.  In doing the acts
4 or omissions alleged, the defendants acted under color of authority and/or under color of law.

5     11. In doing the acts or omissions alleged, each of the defendants acted as the
6 agent, servant, employee, and/or in concert with each of the other Defendants herein.

7 **III.    FACTS**

8     12. Plaintiff is informed and believes that there is, or was at relevant times, an
9 atmosphere or environment which tolerated result-oriented investigations and prosecutions in
10 San Mateo County, including Redwood City.  San Mateo County has long had a tough on crime
11 reputation and its District Attorney's office expends significant resources on prosecutions.  The
12 Office of the District Attorney in San Mateo County would on information and belief, pursuant to
13 official *de facto* policies, customs, and practices, bend or violate rules to secure convictions,
14 withhold exculpatory evidence, suborn perjury, engage in prosecutorial misconduct, and
15 otherwise subvert criminal justice in San Mateo County.  These policies were officially ratified,
16 condoned, or created by customs, practices, and policies existing at relevant times.

17     13. Plaintiff is informed and believes that repeated acts, part of a pattern and
18 practice, did in fact lead to constitutional deprivations complained of herein.

19     14. Plaintiff is further informed and believes said civil rights violations and or other
20 acts of misconduct included intimidation, denial of due process and equal protection, retaliation,
21 conspiracy to violate civil rights, and/or other misconduct.

22     15. Plaintiff is further informed and believes that said misconduct by all defendants
23 included but was not limited to subjecting persons such as Plaintiff to unlawful police and
24 prosecutorial actions.

25     16. As a result, Plaintiff and others like him were subjected to unequal treatment,
26 civil rights violations, and other misconduct.

27     17. Plaintiff is further informed and believes that municipal defendants, indicted and
28

1  unindicted, repeatedly failed to take remedial or corrective action despite the pervasive and
2  ongoing malfeasance within their respective offices.

3  18. Plaintiff is further informed and believes that these are matters of official policy –
4  rooted in an entrenched posture of deliberate indifference to the constitutional rights of accused
5  persons such as Plaintiff and others similarly situated.

6  19. Plaintiff is further informed and believes that the culture of tolerance which
7  existed in these municipalities, may still exist, is rooted in the deliberate indifference of high-
8  ranking municipal officials.

9  20. Plaintiff is informed and believes that as a result of the above and below acts, he
10 suffered the violation of constitutional rights because of customs, practices, policies, and
11 patterns, including but not limited to a deliberate indifference.

12 21. Plaintiff is informed and believes that despite notice of repeated constitutional
13 violations being perpetrated by these employees, Defendants and each of them failed to take
14 appropriate action.

15 22. Plaintiff is informed and believes that as a direct, legal, and proximate result of
16 the acts and omissions alleged above, Plaintiff suffered loss of his constitutional rights and
17 suffered grievous injuries.

18 23. Plaintiff's losses and injuries were caused, in part, by unconstitutional yet official,
19 *de facto* customs, policies, practices, and patterns, which were the moving force behind
20 Plaintiff's injuries.

21 24. Plaintiff is informed and believes unlawful conduct was condoned, encouraged,
22 approved, and/or ratified by Defendants and each of them.

23 25. Plaintiff is informed and believes that as a result of the above facts, he suffered
24 the violation of his constitutional rights and was injured.

25 **IV.   SPECIFIC FACTS**

26 26. On the evening of February 19, 2007, Loraine Wong, with her two children in the
27 back seat, was operating a motor vehicle.

28

27. Wong pulled her vehicle in front of the Mercedes operated by Tom.

28 Wong was on her cellular telephone at the time she pulled her vehicle in the path of vehicle Tom was operating.

29. Wong, upon entering from Santa Clara Avenue onto Woodside Road, never looked in the direction of Tom's vehicle. Wong's vehicle was controlled by a stop sign; Tom was proceeding on Woodside Road and his path of travel was not controlled by any traffic control device or sign at the intersection of Woodside Road and Santa Clara Avenue. Tom thus had the right of way at all times under Vehicle Code sections 21801 and 21802

30. McGee responded to the collision. Wong and one of her daughters were injured. Tragically, another daughter of Wong was killed in the collision.

31. Plaintiff Richard Tom was blamed for the collision. Wong gave different stories to McGee and later to another RWC employee, Janine O'Gorman. Deputy District Attorney Shin-Mee Chang, who prosecuted Tom both times, was aware of the inconsistent stories and, on information and belief, in her zealous pursuit of a conviction, worked with Wong to provide perjured testimony.

32. Chang herself engaged in multiple acts of prosecutorial misconduct, such as coaxing perjured testimony from Wong; violating Tom's right to invoke the Fifth Amendment right (insisting that the Jury find him guilty because he remained silent, which the First District Court of Appeal determined was a basis for overturning Tom's conviction twice); repeatedly insisting there was no evidence Tom's headlights were on when RWC police verified the Tom car's headlight filament was stretched at the time of collision; the switch inside the Tom vehicle was in on (auto) position; and, video taken from the nearby ARCO gas station at the night of the incident showed Tom's car was traveling with lights on from left to right toward the collision as patrons filling their tanks ran towards the accident scene just seconds after the collision.

33. Shin-Mee Chang ultimately agreed with Wong and Ng – that Wong would mis-state (lie) that Wong in fact was no longer on her cellular telephone at the time of the collision and had looked several times in Tom's direction – so as to secure a conviction of Tom.

34. Based on early Wong's mis-statements and misrepresentations, McGee in his report opined Tom alone was at fault for the fatal collision. McGee had very little experience or education in re-constructing accidents and thus was unqualified to render such an opinion.

35. Tom was criminally prosecuted and, at one point while awaiting trial, was held without bail in jail.

36. Based primarily on Wong's perjury, Tom was convicted of vehicular manslaughter and spent a total of more than 40 months incarcerated.

37. With the First District Court of Appeal finding that San Mateo had engaged in prosecutorial misconduct during the 2008 criminal trial, Tom's conviction was set aside in about April 2012. That criminal case went to trial a second time in September 2018, and the Jury deadlocked 7-5 in favor of Tom. Wagstaffe decided not to re-file and the case was dismissed.

38. As a result of the 2008 criminal conviction, however, a civil case against Tom for the wrongful death of Loraine Wong's minor daughter proceeded to trial.

39. At the first criminal trial, in the wrongful case during deposition, and at the wrongful death trial, Loraine Wong continued to give false and misleading perjured testimony.

40. It was not until September 2018, during the second criminal trial, when Wong recanted her pervious testimony and finally admitted that she remained speaking on her cellular telephone with her sister from before and at the time of the collision; she was completely distracted, which led to her fatal errors. Loraine Wong's September 2018 testimony then went even further; she admitted that she never looked in the direction of Richard Tom's vehicle. Thereby, Mrs. Wong essentially admitted that she had perjured herself on multiple occasions.

41. As evidence of collusive scheme to obtain a conviction regardless of the truth, San Mateo is not prosecuting Loraine Wong for perjury. On information and belief, Mark Ng was aware of his wife's perjury and pressured Loraine Wong into providing the false testimony.

42. Richard Tom spent 3.5 years imprisoned based on Loraine Wong's perjury. Richard Tom lost all of his real property, most of his friends, all of his wealth, and even many family members. While many people believed he was innocent of manslaughter, his need to

maintain his innocence was simply too much for people in his circle.  Time in prison certainly changed Richard Tom, and his financial fall devastated him.

43.     Not one person is being disciplined or subjected to criminal prosecution, other than now dismissed criminal prosecution against Richard Tom.

44.     Plaintiff is informed and believes that it was RWC, with Wong and Ng, who pushed the criminal prosecution against Tom.

45.     When Tom was forced to sell his own real property to pay his legal bills, Mark Ng was heard to complain that Tom was spending money that belonged to Ng and Wong.

46.     Plaintiff suffered injuries as a result.

## V.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION – 42 USC §1983**

**Fourth Amendment (Malicious Prosecution)**

**Against All Defendants**

47.     Plaintiff incorporates by reference all of the preceding paragraphs as though set forth fully herein.

48.     Plaintiff is informed that, as to Defendants and each of them, each was acting pursuant to official, *de facto* policies and in concert with one another when they injured Plaintiff; each was acting in concert with the co-defendants, with the shared objective to injure the plaintiff and others like him.

49.     As stated above, the criminal case against Tom was pursued without probable cause.

50.     Ng and Wong, with RWC, continued to create new and different versions of evidence in an effort to convince the District Attorney's office to file and to prosecute a case with no merit against Tom which would otherwise would not have been prosecuted.  This was done with knowledge and approval and urging of persons in the District Attorney's Office.

51.     The criminal case was motivated by a unreasonable desire to convict.

52.     The criminal case initiated against Tom was brought with malice.   Wong needed

*Tom v. Wong, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF                - 7 -                                                                                     P001COM

to justify the prosecution and to hide her own fault in the collision. Defendants and their unindicted co-conspirators manipulated evidence, approved and fostered false statements in the form of reports and narratives, perjured themselves, and provided false explanations to circumvent other evidence. The failure to prosecute Wong for perjury illustrates the malicious intent and improper purpose of the criminal prosecution.

53. Ng and Wong's motivation in pushing the prosecution, and/or in Ng, in allowing his wife to do so, was motivated by something other than bringing Tom to justice for what was at most a Vehicle Code violation that should have resulted in a speeding ticket.

54. Said right to be free from malicious prosecution is a substantive guarantee under the Fourth Amendment to the United States Constitution.

55. Plaintiff was injured and damaged as a result of Defendants' actions.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION – 42 USC §1983

### Fourth and Fourteenth Amendments (Equal Protection)

### Against All Defendants

56. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth fully herein.

57. Plaintiff is informed that, as to Defendants and each of them, each was acting pursuant to official, *de facto* policies and in concert with one another when they injured Plaintiff; each was acting in concert with the co-defendants, with the shared objective to injure the plaintiff and others like him. Decisions and actions by municipal policy-makers had the force of law. In doing the things alleged herein, Defendants' conduct and actions, pursuant to policy-level decisions, were the moving force behind Tom's injuries.

58. As alleged above, Tom was prosecuted criminally and civilly for at least two improper reasons.

59. On information and belief, as noted above, no prosecution against Wong was initiated.

60. Said right to equal protection is a substantive guarantee under the Fourth and Fourteenth Amendments to the United States Constitution.

61. Plaintiff was injured and damaged as a result of Defendants' actions.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION – 42 USC §1983

### Fourth and Fourteenth Amendments (Due Process)

### Against All Defendants

62. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth fully herein.

63. Plaintiff is informed that, as to Defendants and each of them, each was acting pursuant to official, *de facto* policies and in concert with one another when they injured Plaintiff; each was acting in concert with the co-defendants, with the shared objective to injure the plaintiff and others like him.

64. As alleged above, Tom was prosecuted criminally and civilly.

65. The effect of the actions by Defendants, motivated by discriminatory and/or unlawful purposes, inflicted constitutional deprivations on Tom. Municipal policies at RWC were the moving force behind Tom's injuries.

66. Said rights to due process are substantive guarantees under the Fourth and Fourteenth Amendments to the United States Constitution.

67. Plaintiff was injured and damaged as a result of Defendants' actions.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against Defendants Wong and Ng

68. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth fully herein.

69. The conduct of Defendant Wong and Ng, described above, was outrageous.

70. Said Defendants' conduct was reckless or intended to cause Plaintiff emotional distress.  Defendants Wong and Ng literally acted as if, and indicated that, they wanted to destroy Plaintiff Richard Tom, wrongly blaming Tom for the collision caused by Wong.

71. As a result of Defendant Wong and Ng's conduct. Plaintiff suffered severe emotional distress.

72. Plaintiff's severe emotional distress included but was not limited to mental suffering, anguish, fright, horror, nervousness, his own grief, anxiety, worry, shock, humiliation, and shame.

73. Plaintiff's emotional distress was severe, and not mild or brief.  His distress has been so substantial and long-lasting that no reasonable person should be expected to bear it.  Defendants' conduct fell outside the bounds of decency.

74. Believing that they were vested with *de facto* immunity by virtue of colluding with police and the District Attorney, Defendants Wong and Ng abused their positions as "victims" and, through the false testimony, had the real or apparent power to affect Plaintiff's interests,

75. Defendants knew that their conduct with likely result in emotional harm.  That is, by seeking and obtaining a prison sentence for Tom based on Wong's perjured testimony, Defendants knew that emotional distress would likely result from their conduct, or they gave little or no thought to the probable effects of their conduct.  Defendants Wong and Ng engaged in outrageous conduct without considering the probable consequences

76. Plaintiff was injured and damaged as a result of Defendants' actions.

WHEREFORE, Plaintiff prays for relief as follows:

**VI.     PRAYER**

    a.    Compensatory damages according to proof, which will likely exceed $15,000,000;

    b.    General damages according to proof;

    c.    Punitive and exemplary damages, as to the individually-named defendants, only;

    d.    For costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC

1  section 1988;

2      e.    For pre-judgment and post-judgment interest;

3      f.    For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

        1.    To investigate the officers involved in February 2007 investigation; and,

        2.    To initiate a perjury investigation against Loraine Wong;

    g.    Such other and further relief as the Court deems just and proper.

Date: December 21, 2018           /s/ Russell A. Robinson
Law Office of Russell A. Robinson
By:    Russell A. Robinson
Counsel for Plaintiff
**RICHARD TOM**

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial, as is his right.

Date: December 21, 2018           /s/ Russell A. Robinson
Law Office of Russell A. Robinson
By:    Russell A. Robinson
Counsel for Plaintiff
**RICHARD TOM**

*Tom v. Wong, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF    - 11 -    P001COM